**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| CLOTEAL SWOOPES,<br><br>        Plaintiff,<br>   v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant.<br>_____/ | No. C 10-03299 LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Cloteal Swoopes, appearing *pro se*, filed this action alleging that she did not receive two Social Security checks in July 2010. Because she did not exhaust administrative remedies, which are still ongoing, the court dismisses the case for lack of subject-matter jurisdiction.

## II. PROCEDURAL HISTORY

On July 27, 2010, Ms. Swoopes filed her complaint alleging due process violations[1] based on Defendant Social Security Administration's (hereafter, "SSA") withholding two social security checks in July 2010. Complaint, ECF No. 1 at 1-2. The SSA filed a motion to dismiss on different grounds, including mootness and lack of subject-matter jurisdiction based on Ms. Swoopes's failure

---

[1] Ms. Swoopes alleges a violation of the Due Process Clause of the Fourteenth Amendment. Complaint, ECF No. 1 at 1- 2. Construing her *pro se* filing liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), the court interprets it as alleging a claim under the Due Process Clause of the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 498-99 (1954) (Fourteenth Amendment applies only to the states while the Fifth Amendment applies to the federal government).

ORDER (C 10-03299 LB)

1    to exhaust administrative remedies.  Motion to Dismiss, ECF No. 17 at 6-11.  On December 8, 2010,
2    the court set a hearing date and a briefing schedule that required Ms. Swoopes to file her opposition
3    by January 13, 2011.  12/08/10 Order, ECF No. 20 at 1-2.  That same day, the court issued a notice
4    to Ms. Swoopes regarding the legal resources available to assist her in preparing her case and the
5    standards for summary judgment motions should the SSA file such a motion.  12/08/10 Order, ECF
6    No. 21.  The court attached a copy of the Northern District's *Handbook for Litigants Without a*
7    *Lawyer* as well as the Legal Help Center flyer.  ECF Nos. 21-1 and 21-2.  Ms. Swoopes did not file
8    an opposition to The SSA's motion to dismiss.  The court heard oral argument on the motion on
9    February 3, 2011.  Ms. Swoopes did not appear at the hearing.

## III.  FACTS

**A.  Background Facts**

The SSA issues Ms. Swoopes two different benefits payments each month: (1) retirement insurance benefits of $384 and (2) supplemental security income of $565.  Jolaunne Dempsey Declaration, ECF No. 17-1 at 2, ¶¶ 6-7.  Ms. Swoopes set up direct deposit for both payments in May 2010 so that the SSA could transfer the funds electronically to her bank account.  *Id.* at ¶ 8.  The next month, however, Ms. Swoopes told the SSA to stop directly depositing her monthly retirement insurance benefits.  *Id.* at ¶ 9.  She continued to receive direct deposit payments for her supplemental security income.  *Id.*

On July 1, 2010, the SSA contends that it directly deposited Ms. Swoopes's July supplemental security income payment into her bank account.  *Id.* at ¶ 11.  The SSA mailed a paper check for Ms. Swoopes's July retirement insurance benefit on July 2, 2010 to her address of record.  *Id.* at ¶ 13.  Ms. Swoopes claims that she did not receive either payment.  Complaint, ECF No. 1 at 1-2.  On July 14, 2010, Ms. Swoopes wrote a letter to Kathleen Sebelius, the Secretary of Health and Human Services, informing her of the missing payments and requesting that she mail the checks.  *Id.* at 2.  She received no response.  *Id.*  Ms. Swoopes wrote subsequent letters to Ms. Sebelius but never received a response.  *Id.*  The SSA contends that it did not receive the letters that Ms. Swoopes wrote to Ms. Sebelius because the Department of Health and Human Services is a separate and distinct agency from the SSA.  Dempsey Declaration, ECF No. 17-1 at 3, ¶ 17.

ORDER (C 10-03299 LB)                                                2

1    On July 21, 2010, Ms. Swoopes informed the SSA that her mailing address had changed and
2 provided it with a new address. *Id.* at 2, ¶ 14.  On July 27, 2010, the same day that she filed the
3 complaint in this matter, Ms. Swoopes told the SSA to stop directly depositing her supplemental
4 security income benefits. *Id.* at ¶ 15.  On August 20, 2010, Ms. Swoopes visited the SSA's
5 downtown Oakland field office and reported that she had not received her August retirement benefit
6 insurance payment. *Id.* at 3, ¶ 16.  In response, the SSA mailed Ms. Swoopes a replacement check
7 for the retirement insurance benefit on August 26, 2010 to her address of record. *Id.*  On September
8 23, 2010, Ms. Swoopes again visited the SSA's downtown Oakland office to report the non-receipt
9 of her directly-deposited August supplemental security income payment. *Id.*  In response to this
10 report, the SSA initiated a "trace" through the U.S. Department of the Treasury to determine if the
11 correct bank and account received the August supplemental security income payment. *Id.*  The SSA
12 has not yet received a response to this inquiry. *Id.*

### B. Ms. Swoopes's Complaint and the SSA's Response

14    After it was served with Ms. Swoopes's federal complaint filed in this action, the SSA sent a
15 letter to Ms. Swoopes on October 14, 2010 requesting that she clarify information that she gave the
16 SSA about missing payments during her September 23, 2010 visit.  Dempsey Declaration, ECF No.
17 17-1 at 3, ¶ 19, Exh. A.  Ms. Swoopes has not yet responded to this inquiry. *Id.*  Also in response to
18 Ms. Swoopes's complaint, the SSA mailed a replacement check on October 19, 2010 for Ms.
19 Swoopes's July retirement insurance benefit. *Id.* at ¶ 20.

20    Thus, according to the SSA, as of November 29, 2010, Ms. Swoopes was in current pay status as
21 to both her retirement insurance and supplemental security income benefits. *Id.* at 4, ¶ 21.  The SSA
22 continues to issue Ms. Swoopes her monthly benefit payments. *Id.*  The SSA contends that as of
23 November 29, 2010, Ms. Swoopes is not currently overpaid and she is not due for retroactive
24 payments. *Id.*  At the hearing, the government noted that it had no further communications with Ms.
25 Swoopes since its motion to dismiss.

### IV. LEGAL STANDARD FOR DISMISSALS UNDER RULE 12(b)(1)

27    Dismissal of a claim is appropriate under Federal Rule of Civil Procedure Rule 12(b)(1) when
28 the court lacks subject-matter jurisdiction over the claim.  Federal subject-matter jurisdiction must

1  exist at the time the action is commenced. *Morongo Band of Mission Indians v. California Bd. of
2  Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

3  A Rule 12(b)(1) motion may either attack the sufficiency of the complaint to establish federal
4  jurisdiction (a facial challenge) or allege a lack of jurisdiction that exists despite the formal
5  sufficiency of the complaint (a factual challenge). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.
6  2000); *Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th
7  Cir. 1979); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). A facial attack asserts lack
8  of federal jurisdiction based on the complaint alone, and the court must "accept all allegations of fact
9  in the complaint as true and construe them in the light most favorable to the plaintiffs." *See Warren
10 v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). By contrast, with a factual
11 challenge, a court need not assume the truth of factual allegations but may hear additional evidence
12 about jurisdiction and resolve factual disputes when necessary. *See Roberts*, 812 F.2d at 1177
13 (quotation omitted). If a defendant challenges jurisdiction by presenting evidence, then the party
14 opposing the motion must present sufficient evidence to support the court's subject-matter
15 jurisdiction. *See Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d
16 1036, 1040 n. 2 (9th Cir. 2003).

17 Dismissal of a complaint without leave to amend should only be granted where the jurisdictional
18 defect cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052
19 (9th Cir. 2003).

## V. DISCUSSION

21 The SSA argues that because Ms. Swoopes did not report the non-receipt of her July 2010
22 benefits to the SSA (but instead sent a letter to an entirely different agency), she did not exhaust her
23 administrative remedies. Also, the SSA asserts that it corrected its administrative error and issued
24 all payments, and thus the case is moot. Either way, the SSA concludes, the court lacks subject-
25 matter jurisdiction. Motion, ECF No. 17 at 8-9. The court dismisses the case for lack of subject-
26 matter jurisdiction based on Ms. Swoopes's failure to exhaust administrative remedies. The case
27 also appears to be moot.

28 Subject-matter jurisdiction must exist at the time Ms. Swoopes files her lawsuit. *See* Fed. R.

Civ. P. 12(b)(1). Her claim, while couched as a due process violation, is about her claim for benefits and thus it "arises under" the Social Security Act. *See Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010). District courts have subject-matter jurisdiction over claims "arising under" the Social Security Act only after a final decision of the Commissioner of Social Secuirty. *See* 42 U.S.C. § 405(g) & (h); *Weinberger v. Salfi*, 422 U.S. 749, 764-65 (1975); *Do Sung Uhm*, 620 F.3d at 1140 (citation omitted).

Ms. Swoopes did not file a complaint with the SSA about the allegedly misdirected payments in July 2010. Dempsey Declaration, ECF No. 17-1 at 3, ¶ 18. Instead, she wrote to a different agency head: Kathleen Sebelius, the Secretary of Health and Human Services. Complaint, ECF No. 1 at 2; *id.* She contacted the SSA on four separate occasions: (1) July 21, 2010 to provide it with her new address; (2) July 27, 2010 to instruct it to stop the direct deposit of her supplemental security income benefits; (3) August 20, 2010 to report the non-receipt of her August retirement insurance benefit check; and (4) September 23, 2010 to report the non-receipt of her directly deposited August supplemental security income payment. Dempsey Declaration, ECF No. 17-1 at 2-3, ¶¶ 14-16. On these occasions, Ms. Swoopes did not inform the SSA of the July 1 and 3, 2010 missing payments or file a complaint. *Id.* at ¶ 18. She also visited the downtown Oakland office on August 20 and September 23, 2010 to report the non-receipt of her August 2010 benefit payments but did not report the non-receipt of her July 2010 benefit checks.

Thus, the SSA has not issued a "final decision" under 42 U.S.C. § 405(g), and this court lacks subject-matter jurisdiction.

The fact also suggest that the case is moot. After it received the federal complaint in this action, the SSA wrote to Ms. Swoopes on October 14, 2010 seeking more information regarding her July supplemental security income direct deposit payment so that it could determine if the correct bank and account received the payment. Dempsey Declaration, ECF No. 17-1 at 3, ¶ 19. The SSA has not yet received a response. *Id.* The SSA also issued Ms. Swoopes a replacement paper check on October 19, 2010 for the July retirement insurance benefit payment and continues to issue Ms. Swoopes her monthly retirement insurance and supplemental security income benefit payments. *Id.* at ¶¶ 20-21.

ORDER (C 10-03299 LB)

5

These facts also support the conclusion that the agency already put in place the process to correct any error. The court's involvement at this juncture would thus prematurely interfere with the agency process that is already underway to correct its own errors. *See Salfi*, 422 U.S. at 765.

### VI. CONCLUSION

The SSA's motion to dismiss is **GRANTED**. The Clerk is directed to close the file.

This disposes of ECF No. 17.

**IT IS SO ORDERED.**

Dated: February 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 10-03299 LB)
6